UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ESSENTIAL MEDIA GROUP, LLC,
a Florida limited liability company,

        Plaintiff,

v.

43 North Broadway, LLC,
a New York limited liability company,

        Defendant.

_____/

## COMPLAINT

Plaintiff, ESSENTIAL MEDIA GROUP, LLC, a Florida limited liability company ("Essential" or "Plaintiff"), sue Defendant, 43 North Broadway, LLC, a New York limited liability company, regarding the ownership and income interest of the copyrights entitled "The Everest Catalog" (hereinafter the "Copyrights"), and state as follows:

## THE PARTIES

1. Plaintiff, Essential, is and at all times mentioned herein was, a limited liability company in Florida that has a physical office location in and is engaged in business in Miami-Dade County, Florida as a record label and music publisher in multiple genres encompassing all eras of Folk, Blues, Jazz, Classical, World, Rock R&B and Pop, and which holds the copyrights to certain sound recordings, including all those in the Everest Catalog, as described, *infra*.

2. Defendant, 43 North Broadway, LLC, ("43" or "Defendant") is a New York limited liability company, whose principal place of business is based in New York City, New York.

3. Non Party, JWP USA, Inc., was a Florida company, whose principal place of business was based in Miami, Florida.

1

4. Non Party, Davon Music Corp., was believed to be a California Corporation, whose principal place of business was based in Los Angeles, California.

5. Non Party, The Everest Record Group was believed to be a California Corporation, whose principal place of business was based in Los Angeles, California.

## VENUE & JURISDICTION

6. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright laws of the United States (17 U.S.C. § 101 et seq.).

7. The Court has jurisdiction under 17 U.S.C. § 101 et seq.; 17 U.S.C 507(b) 28 U.S.C. § 1331 (federal question); and under the United States Copyright Act 28 U.S.C. § 1338(a) (copyright infringement).

8. The Court has jurisdiction over Defendant 43, pursuant to Florida Statutes: §§ 48.193 Fla. Stat. (2016), Florida's Long Arm Statute, as Defendant has committed a tortious act within the State of Florida, which has caused injury to Plaintiff within the State or, in the alternative, Defendant has caused injury to persons or property within this state arising out of an act or omission by the Defendant inside this State, and Defendant has engaged in substantial and not isolated activity in the State of Florida by selling Plaintiff's copyrighted works in the State of Florida.

9. Moreover, Defendant 43 has purposefully availed itself of the jurisdiction of this Court by transacting business in this District and the State of Florida concerning the musical sound recordings at issue.

10. Venue is proper in this District of Florida pursuant to 28 U.S.C. § 1391(b) and (c) and 1400(a) and (b), because this is the judicial district in which a substantial parts of acts and omissions giving rise to the claim involved in this action occurred.

11. Plaintiff, by and through undersigned counsel, hereby sues Defendant 43 regarding the ownership and income interest of the copyrighted sound recordings, infringement of Essential's Copyright, and tortious interference with Essential's advantageous business relationships.

## GENERAL ALLEGATIONS

12. Essential is a South Florida-based record label that survives and prospers based on its acquisition of music catalogs of past and future music hits. Essential relies on being able to obtain and retain its diverse music catalogs and protect same from others who seek to exploit the music that it owns.

13. On February 25th, 2004, Essential's assignor, JWP, executed a non-exclusive licensing agreement with Davon Music Corp and The Everest Record Group, who at the time was the owner of the Everest Catalog of Recordings, which gave it a non-exclusive license, in perpetuity to distribute and exploit specific Master Recordings and compositions within the Everest Catalog in exchange for good valuable consideration defined herein. A true and correct copy of which is attached hereto as **Exhibit A** (hereinafter referred to as "the License Agreement").

14. Paragraph 3 of the License Agreement states, "there are no claims from any third parties which would create an interest in the sound recordings."

15. After the License Agreement was executed, JWP assigned the agreement to Essential as part of an acquisition

16. Shortly after entering into the License Agreement, Plaintiff undertook time and energy, and spent in excess of $150,000 to re-master the sound recordings within the Everest Catalog, so it could commence exploitation and monetization of the non-exclusive rights granted to it by Defendant, pursuant to the terms of the License Agreement. By re-mixing and re-mastering

the recordings within the Everest Catalog, Essential created copyrightable derivative versions of the sound recordings within the Everest Catalog of original materials, the derivative additions being the exclusive property of Essential (the "Copyrights").

17. Essential registered their claim to ownership of the derivative sound recordings in the Registration ("the Copyright"), a true and correct copy of which is attached hereto as composite **Exhibit B**.

18. Defendant 43 is exploiting Essential's copyrighted derivative works in the Copyrights by publically selling, disseminating, or distributing the Copyrights.

19. Defendant 43 has also wrongly and illegally informed iTunes, Spotify and other vendors that it owns the exclusive rights to the Copyrights, and has demanded that all contents of the Copyrights be removed from their platforms or stores. Such actions are directly repugnant to rights granted to Essential in the License Agreement.

20. Upon information and belief, Defendant 43 may have obtained some rights to exploit the Everest Catalog, but not the derivative Copyrights owned by Essential nor could such Agreement affect the rights acquired by Essential in the License Agreement with Davon Music Group and/or Everest Record Corporation, because Defendant's Agreement occurred after the License Agreement. Any license that Defendant 43 may have made with Everest came into existence after the License Agreement between Everest and Essential's predecessor, giving Essential a superior claim to the recordings and which could not invalidate essentials claim to the derivative Copyrights.

21. Defendant 43 had wrongly claimed to be the sole owner of the Copyrights on various internet websites including Discogs.com effectively damaging Essential's ability to exploit the Copyrights under the Licensing Agreement.

22. Essential continues to be damaged every day that Defendant continues to infringe upon its Copyright.

23. Essential has fulfilled all conditions precedent prior to filing this suit.

## COUNT I – DECLARATORY JUDGMENT

24. Essential repeats and hereby incorporates by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 22 and further alleges:

25. This is a count for declaratory relief pursuant to Florida Statute Chapter 86 et seg.

26. Essential and Defendant 43 have an actual present, adverse and antagonistic interest in the subject matter of this action.

27. The antagonistic and adverse interest are all before the Court by proper process and the relief sought is not for legal advice by the Court, nor to answer questions propounded from curiosity.

28. Essential intends to remain a successful business within the music industry by exploiting the rights granted in the License Agreement and in the Copyrights. Defendant 43 has demonstrated an inability to respect Essential's legal ownership of music catalogs and its non-exclusive rights.

29. Essential is the proper owner of the Copyrights, and would like to continue to exploit same in order to remain a viable business in the music industry. However, Essential cannot do so because Defendant has interfered in Essential's exploitation of the Copyrights by demanding iTunes and Spotify to take down all contents of the Copyrights, and by releasing the Copyrights as their own.

30. Essential requests this Court to declare that it is the rightful owner of the Copyrights and that it has valid rights pursuant to the License Agreement, and that Defendant 43 shall no longer interfere with Essential's right to exploit the contents of the Copyrights and their

license to the Everest Catalogue in any way it so chooses.

31.     A declaratory judgment that Essential is the proper owner of the Copyrights will resolve the pending issue with iTunes and Spotify concerning the Defendant 43's demand for removal of Essential's Compositions from the iTunes Store and Spotify app/website.

**WHEREFORE**, for the reasons set forth herein, Essential requests this Court to enter an Order that Defendant 43 has no plausible claim to ownership of the Copyrights and that Essential may exploit the contents of the such as it so chooses. Further, Defendant may not interfere in Essential's exploitation of the Compositions in the future.

## COUNT II – COPYRIGHT INFRINGEMENT

32.     Essential repeats and hereby incorporates by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 22 and further alleges:

33.     This is a count for copyright infringement against Defendant, pursuant to 17 U.S.C § 101 *et seq*.

34.     Defendant 43 has infringed upon and interfered with Plaintiffs' rights in the Copyrights to, in violation of 17 U.S.C. §101 *et seq.*, by publically selling, disseminating, and/or distributing Essential's Copyrights.

35.     Among the exclusive rights granted to Essential under the Copyright Act, are the exclusive rights to reproduce and distribute the copyrighted material to the public and to prepare derivative works.

36.     Defendant 43 has profited from its infringing activities, and it has collected, and may continue to collect, fees and royalties from the Copyright or any derivatives thereof, and has retained a portion of those fees and royalties without submitting any amount to Essential. Defendant should be held liable for all profits derived as the result of its infringing activities.

37.     As a result of Defendant's willful infringement of Plaintiff's copyright and its exclusive rights under the Copyright Act, Plaintiff is entitled to recover actual damages and profits attributable to the infringement pursuant to 17 U.S.C. § 504(b), and such other relief as is provided by law.

38.     The conduct of Defendant 43 is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. Plaintiffs have no adequate remedy at law.

39.     As a direct and proximate result of Defendant 43's acts of intentional copyright infringement, Essential has been damaged.

**WHEREFORE**, for the reasons set forth herein, Essential as successor in interest to JWP, requests for a ruling that Defendant 43 has infringed upon Essential's Copyright, to award damages, as well as any such relief as this Court deems just and proper.

## COUNT III – TORTIOUS INTERFERENCE WITH AN ADVANTAGEOUS BUSINESS RELATIONSHIP

40.     Plaintiff adopts and reincorporates by reference into this count the allegations above in paragraphs 1-22 as if fully set forth herein, and further alleges:

41.     This is a count for tortuous interference with an advantageous business relationship.

42.     Essential established an advantageous business relationships with iTunes and Spotify to license the Copyrights to consumers through the iTunes Store and through Spotify's app and website, from which Essential has and hopes to continue to earn profits.

43.     Essential maintained advantageous business relationships with iTunes and Spotify in order to exploit the Compositions and to receive revenue from the license, and anticipates that same will continue but for Defendant 43's interference.

44. Defendant had knowledge of the separate business relationships between Essential and iTunes and Spotify, but was not a party to the business arrangements and had no privilege to interfere with the said arrangements.

45. Defendant tortuously and without justification interfered in the relationships between Essential and iTunes and Spotify by demanding that iTunes and Spotify to remove Essential's Copyright/s from the iTunes store and Spotify app and website.

46. Defendant 43's actions have caused a real interference between Plaintiff and iTunes' business relationship.

47. As a direct and proximate result of Defendant's actions, Essential has been damaged.

**WHEREFORE**, Essential demands compensatory and special damages, and such other further relief this Court seem just and proper against Defendant.

Dated: October 3, 2016

**WOLFE LAW MIAMI, P.A.**
*Attorneys for Plaintiff*
175 SW 7th Street, Suite 2410
Miami, FL 33131
Phone: 305-401-3639

By: _/s/ Richard Wolfe_

RICHARD C. WOLFE
Florida Bar No.: 355607
rwolfe@wolfelawmiami.com